[L. A. No. 9566. Department Two.—October 17, 1928.]

ARTHUR F. CONRAD, Appellant, v. MARGUERITE RANDELL, as Executrix, etc., Respondent; WILLIAM HARRY CONRAD, a Minor, etc., Intervener.

R. J. Reynolds and Titus & Macomber for Appellant.

Wright & McKee and C. M. Monroe for Respondent.

George H. Stone for Intervener.

RICHARDS, J.—The plaintiff and appellant herein commenced this action on his own behalf and also in his capacity as guardian of the person and estate of William H. Conrad, his minor son, for the purpose of having it declared that a certain sum of money which constituted the estate of one La Nita Conrad, deceased, who had formerly been the wife of the plaintiff, had been held by her, and was being held by her estate, in trust for the support, education, and maintenance during his minority of their minor son; the balance remaining thereof after said minor attained his majority to become the property of the plaintiff. While said action was still pending and untried in the trial court the plaintiff's minor son, having reached the proper age, procured the removal by order of court of the plaintiff as his guardian, and the substitution as such guardian of the Southern Trust and Commerce Bank, and thereafter said bank as guardian of said minor presented and procured to be filed a complaint in intervention, opposing the right of the plaintiff to any share or ownership in his deceased mother's estate. Upon the trial and submission of the cause the trial court made its findings of fact and conclusions of law against the plaintiff and rendered judgment thereon that the plaintiff take nothing by his action, and that the defendant and intervener have judgment for their

costs. It is from such judgment that the plaintiff and appellant herein, acting in his individual right alone, has prosecuted this appeal.

The facts of this case are practically undisputed and are briefly these: In October, 1916, La Nita Conrad, now deceased, procured a decree of divorce to be entered against her husband, the plaintiff and appellant herein, in the state of Montana, wherein it was adjudged that in addition to her divorce the plaintiff in that action was entitled to be awarded the custody and control of William H. Conrad, the minor child of the parties to said action; and it was further adjudged and decreed that the plaintiff therein was entitled to receive and was thereby awarded out of the property and estate of her husband, which was stated to be of large value, among other certain properties, the sum of $64,056. The award of said sum in said decree was absolute, and while the plaintiff in said action was by the judgment therein given no allowance for alimony for the support of said minor child, the said money judgment in her favor was not by said decree charged with any trust whatever relating to the custody, care or control of said minor child. The amount of said judgment was presently paid over by the defendant to the plaintiff in said action and no appeal was taken from said decree. Thereafter the plaintiff in said action, La Nita Conrad, moved to California, and with her minor son took up her residence in the county of San Diego, where, in about the year 1924, she died, leaving a last will and testament, by the terms of which she disposed of her estate, which consisted in the main of the aforesaid sum of money, leaving no portion thereof to her former husband, but making her minor son the principal devisee of that portion of her estate. Upon the admission of said will to probate and the appointment of Marguerite Randell as the executrix, under said will, of said estate, the plaintiff herein, individually and as the guardian of the person and estate of his aforesaid minor son, presented for allowance a claim against said estate for the remaining balance of said sum of $64,056, wherein he asserted that the decedent had held said sum in trust for the benefit of himself individually and of their minor son, of whom he was at that time guardian. The executrix disallowed said claim, whereupon this action ensued, with the result above set forth.

It is the sole contention of the appellant upon this appeal that the award to his deceased wife of the sum of $64,056 by the Montana court was an award in lieu of and in the nature of an allowance for the support of the minor child in said action during his minority, and that a trust was thereby created by which said minor was to be the beneficiary of said sum during his minority, and that upon the attainment of his majority whatever amount remained of said sum was to revert to himself upon the death of his former wife. An examination of the decree of the Montana court convinces us that there is no basis for and no merit in the appellant's contention, since it expressly appears that the award of said sum to the plaintiff in said action was made after a calculation by that court of the amount and value of the properties of the defendant in said action, and was made as and for the rightful sum to be allotted to the wife out of the properties, and that the allowance of said sum was neither expressly nor impliedly charged with any trust whatever. The appellant cites no authority in support of his aforesaid contention, and we are satisfied that none exists. The money thus awarded to the appellant's deceased wife by the decree of said court, the marriage being terminated, became her sole and separate estate, which she was entitled to dispose of and did dispose of by will, to the entire exclusion of the plaintiff and appellant herein. With the rights of William H. Conrad in relation to said sum of money during the period of his minority or thereafter we have upon this appeal no concern.

The judgment is affirmed.

Shenk, J., and Langdon, J., concurred.